## ANDERSON, Receiver, etc., v. THE PHILADELPHIA WAREHOUSE COMPANY.*

*(Circuit Court, E. D. Pennsylvania, October 26, 1880.)*

1. NATIONAL BANK — INSOLVENCY — LIABILITY OF SHARE-HOLDER — PLEDGEE OF STOCK — TRANSFER TO PRESIDENT OF CORPORATION, PLEDGEE.—A. borrowed money from a warehouse company upon certain stocks as collateral, and it being suggested that the stocks ought not to remain in the name of A. transferred them to the president of the warehouse company. Subsequently A., desiring an additional loan, sent some national bank stock as collateral transferred to the president of the warehouse company. The directors of the warehouse company objected to this transfer on the ground that the company might become liable as share-holders, and, at their request, the president transferred the stock to an irresponsible person in the employ of the warehouse company. The bank became insolvent. *Held*, that the warehouse company were not liable as share-holders unless they had authorized or ratified the transfer to their president as a transfer to them. *Held, further*, that whether they had so authorized or ratified the transfer was a question of fact for the jury.

Motions for new trial, and for judgment, *non obstante veredicto.*

This was an action of *assumpsit* brought by the receiver of the First National Bank of Allentown against the Philadelphia Warehouse Company to recover an assessment of $20, a share upon 450 shares of the stock of said bank, of which, it was alleged, defendant was the holder. The evidence disclosed the following facts: In November, 1871, W. H. Blumer & Co. desired to borrow money from the Philadelphia Warehouse Company upon a deposit of stocks as collateral. One of the firm was introduced by a director of the warehouse company to T. Charlton Henry, its president, and a loan was negotiated upon the security of certain gas stocks. The director suggested that the stocks should be put in some other name than that of W. H. Blumer & Co., and proposed that they be put in the name of the president of the warehouse company, which was accordingly done. About a month later, desiring to effect an additional loan, W. H.

---

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

Blumer & Co. sent to the warehouse company a certificate for 450 shares of stock in the First National Bank of Allentown, dated December 27, 1871, in favor of "T. Charlton Henry, Pres." This certificate was received about December 29, 1871. On January 2, 1872, the directors of the warehouse company met, and the president brought before them this loan and certificate. The board objected to the stock being held in the name of the president, because it might render the company liable as share-holders. On January 3, 1872, the secretary wrote to W. H. Blumer & Co. advising them that their draft for $10,000 had that morning been paid, and inclosing the certificate for the bank stock, with directions to have it transferred to the name of Dennis McCloskey. On January 6, 1872, in explanation of this letter, the president wrote to W. H. Blumer & Co.: "We have no need to borrow any money, nor do we expect or intend to put this stock out of our hands, but the failure of one or two national banks lately led our directors to consider the clause in the national bank act which renders all stockholders liable in case of failure to pay up to the receiver the full amount of stock in their name, and on this account we determined to have the certificates of national bank stock put in the name of Dennis McCloskey, who is a boy in our office, taking his power of attorney to transfer the same." The transfer to McCloskey was executed on the back of the certificate by the president of the warehouse company, and the seal of the company attached. Sometime afterwards McCloskey left the employ of the warehouse company, and by their direction the stock was transferred to Francis Ferris, who was a clerk in their employ, and at the time of the transfer a minor. The warehouse company continued the loans to W. H. Blumer & Co., and to hold these shares as collateral, until 1878, when the comptroller of the currency, finding the bank insolvent, appointed a receiver, and ordered an assessment of $20 per share. Neither the warehouse company, McCloskey, nor Ferris ever voted on the stock or received any dividends, but the dividends were receipted for either by W. H. Blumer & Co., or by William Kern, one

of the partners, in whose name the stock had been registered previous to the transfer to Mr. Henry. The plaintiff requested the court to charge the jury as follows: "If the jury find that the corporation defendant held the 450 shares of the capital stock of the First National Bank of Allentown as collateral security for a loan to W. H. Blumer & Co. by transfer to 'T. C. Henry, President,' and then by the defendant to its irresponsible employe, for the purpose of avoiding liability as stockholders, the verdict must be for the plaintiff."

The defendant's first point was as follows:    1. That in order to recover in this case the plaintiff must establish as a fact that the corporation defendant became and was the holder of the 450 shares of the stock of "The First National Bank of Allentown," and that there is no evidence that the defendant was the holder of the said shares, and the verdict must be for the defendant.

The plaintiff's point was affirmed, subject to the judgment of the court thereafter on the defendant's first point, and charged the jury to find for the plaintiff.

The verdict was for the plaintiff for $10,026.    Defendant filed motions for a new trial and for judgment *non obstante veredicto* on the point reserved.

*Geo. Junkin* and *Richard C. McMurtrie,* for the motion.

*Preston K. Erdman* and *Edward Harvey,* contra.

BUTLER, D. J., (*orally.*)    The authorities upon the question raised by this case may be divided into three classes: *First,* where the pledgee of stock has taken a transfer of the stock directly to himself, and has had such transfer registered on the books of the corporation.    It has been held that in such case the pledgee is liable for assessments.    *Second,* where the pledgee has sought to relieve himself by making a transfer of the stock to an irresponsible third person.    In such case he is liable.    *Third,* where no transfer is made to the pledgee, and his name is not registered as owner, but the owner of the stock puts it into the hands of a third person to hold for the benefit of the pledgor and pledgee.    In such case the pledgee has never been held responsible.

When we looked at this case, our first thought was that we must enter judgment for the plaintiff, for we were impressed with the belief that there was a transfer of the stock to the defendants, and that it was actually, or virtually, registered in the latter's name. But upon examining the evidence we were convinced that this was a mistake; for, while it would seem from the record that it was submitted to the jury whether the transfer to Mr. Henry was with the consent of the defendants, and therefore a transfer to them, it really never was so submitted. The position taken by the parties on the trial was that the question was one of law.

The plaintiff asked the court to charge that as matter of law the plaintiff was entitled to recover; while the defendants asked for a charge that upon all the evidence they were entitled to recover. It is evident that there was a question of fact for the jury, viz., whether the defendants consented to become share-holders, and whether the transfer to their president was with the understanding that it should be a transfer to them, or was subsequently recognized by them as such a transfer. There was evidence on both sides of this question, and the motion for a new trial must, therefore, be granted.

McKENNAN, C. J., (*orally.*) There is but one question in this case. We both agree that the mere holding of this stock by the warehouse company, as pledgee, would not render them liable to assessment under the act of congress unless there was an agreement that the transfer to the president should be a transfer to them, or unless they recognized such transfer as a transfer to them. The only question is whether the company is a registered share-holder. The name of Mr. Henry appears on the corporation books. Whether the warehouse company is a share-holder depends upon the authority given to him by the company. There was evidence on both sides, and the question is one of fact for the jury.